1  C. Robert Cox, Esq., Nev. Bar. No. 1780
   Kim G. Rowe, Nev. Bar No. 1962
2  Christopher D. Jaime, Esq., Nev. Bar No. 4640
   MAUPIN, COX & LeGOY
3  4785 Caughlin Pkwy.
   P.O. Box 30000
4  Reno, Nevada 89520
   (775) 827-2000 phone
5  (775) 827-2185 facsimile
   Attorneys for Defendants
6

7                   UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9  KATHLEEN NICHOLS,                    Case No. CV-N-04-00559-LRH(LRL)

10          Plaintiff,

11  vs.                                 **DEFENDANTS' APPLICATION FOR
                                        EXPEDITED CASE MANAGEMENT
12  JAMES L. HAGER, et al.,             CONFERENCE FOLLOWING REMAND**

13          Defendants.
                                    /
14  ——————————————————————————

15          Defendants James L. Hager ("Hager"), Laura Dancer ("Dancer") (Defendants Hager and

16  Dancer, collectively, unless noted otherwise, the "Individual Defendants") and the Washoe County

17  School District ("District") (all collectively, unless noted otherwise, "Defendants"), respectfully

18  request that the Court set a case management conference or enter a post-remand scheduling order

19  that includes the deadlines noted hereinbelow in order to allow the Court to consider and resolve the

20  issue of qualified immunity for the Individual Defendants. As noted below, qualified immunity was

21  raised at the inception of the case and in the two summary judgment motions Defendants filed with

22  this Court. However, due to the Court's decisions in Defendants' favor on both summary judgment

23  motions it was unnecessary for the Court to decide the qualified immunity issue. As a result, the

24  qualified immunity issue has never been addressed and finally resolved. The qualified immunity

25  issue is now ripe for determination and, consistent with well-established Circuit-level and U.S.

26  Supreme Court authority, it should be decided prior to any trial in this matter.

## I.   PREFATORY COMMENT AND BASIS FOR FILING OF APPLICATION

Defendants elected to file this application after the Ninth Circuit filed its amended opinion on September 15, 2011, following the Defendants' request for panel and/or *en banc* hearing [Dkt. 101], and before the mandate formally issued because of a time-sensitive dispute regarding a claim by Plaintiff Kathleen Nichols ("Plaintiff") that there is an immediate need for the parties to file a joint pretrial order and because clarification of the *Stipulated Discovery Plan and Scheduling Order Submitted in Compliance With LR 26-1(e)* [Dkt. 32] entered on August 23, 2005 as it pertains to a joint pretrial order is necessary.  This Court retains jurisdiction to supervise the status quo pending any appeal and to address circumstances that affect the status quo of the case.  See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citation omitted).

Plaintiff contends that a joint pretrial order is due 30 days after the Ninth Circuit entered its amended opinion, *i.e.*, 30 days from September 15, 2011.  Defendants have found nothing in the applicable rules or the record to support that contention.  The above-referenced stipulated order states that a joint pretrial order is due 30 days after a decision on dispositive motions.  However, that appears to contemplate a 30-day period following a decision *by this Court* and not the Ninth Circuit as contended by Plaintiff.  Moreover, the time to file a joint pretrial order is subject to the "further order of the Court." In that respect, the stipulated order allows for consideration and accommodation of the request made herein or, at a minimum, the deferment of any need to file a joint pretrial order pending remand and resolution of this application.

## II.   BACKGROUND

Plaintiff initially sued Defendants for, among other things, retaliation and claimed Defendants violated her right under the First Amendment to the U.S. Constitution to associate with the District's former General Counsel Jeffrey Blanck ("Blanck") by sitting next to him at a school board meeting on March 23, 2004.  Based on Plaintiff's undisputed job duties which included access to the District's confidential and sensitive negotiation and litigation strategies, involvement in the District's personnel and disciplinary matters, oversight of the District's Legal Department ("Legal

1   Department") and its budget, and the interpretation and implementation of the District's policies,

2   regulations and procedures for administrative staff and the public, this Court concluded that loyalty

3   was an appropriate requirement for Plaintiff's position as an Administrative Assistant in the Legal

4   Department and that Plaintiff lacked the requisite loyalty for the position. Accordingly, in an order

5   granting Defendants' first summary judgment motion, *i.e., Defendant's Motion for Partial Summary*

6   *Judgment as to Plaintiff's First and Eighth Claims for Relief* [Dkt. 37 pp. 16-19], entered on March

7   29, 2007, this Court held "[a]s a matter of law, Nichols was a confidential employee and is therefore

8   not entitled to claim First Amendment retaliation under the circumstances which are before the

9   court." [Dkt. 67 p. 6:18-21].

10          Following Plaintiff's appeal from the foregoing order on April 12, 2007 [Dkt. 73], a panel

11  of the Ninth Circuit issued its opinion on May 18, 2009, in which it concluded that Plaintiff was

12  terminated for a perceived lack of personal, not political, loyalty and that the "patronage dismissal

13  doctrine" of Elrod v. Burns, 427 U.S. 347 (1976) and Branti v. Finkel, 445 U.S. 507 (1980), does

14  not apply to adverse employment actions motivated by a perceived lack of personal loyalty. Nichols

15  v. Dancer, et al, 567 F.3d 423, 428-429 (9th Cir. 2009) (Nichols I). The Ninth Circuit reversed

16  summary judgment granted by this Court and remanded with instructions for this Court to reconsider

17  Plaintiff's claim under the traditional First Amendment government employee analysis. Although

18  Defendants argued the panel's opinion conflicted with two other decisions by different Ninth Circuit

19  panels, as well as other authoritative decisions of the First, Fifth, Sixth and Eighth Circuits, all of

20  which recognized that the patronage dismissal doctrine applies to adverse employment actions taken

21  on the basis of a perceived lack of personal loyalty, the Ninth Circuit denied rehearing and rehearing

22  *en banc* in an order entered on June 25, 2009. The mandate issued on July 6, 2009.

23          On remand from Nichols I, in the *Defendant's Motion for Summary Judgment on Plaintiff's*

24  *First Claim for Relief* [Dkt. 88], Defendants again moved for summary judgment on the basis that

25  the balancing test of Pickering v. Board of Education, 391 U.S. 563 (1968), tipped in their favor.

26  This Court agreed and on February 5, 2010, again entered an order [Dkt. 91] granting summary

judgment for the Defendants.  Plaintiff filed a second appeal on February 16, 2010 [Dkt. 94] and, with one judge dissenting in an amended opinion entered on September 15, 2011, the Ninth Circuit again disagreed with this Court, reversed summary judgment and remanded the case for further consideration consistent with the amended opinion.  See Nichols v. Dancer, et al., ___ F.3d ___, 2011 WL 4090676 (9th Cir. Sept., 15, 2011).

III.     PROPOSED CASE SCHEDULING FOLLOWING REMAND

Although the issue of qualified immunity for the Individual Defendants has been raised on at least three occasions, it has never been decided.  Plaintiff was initially put on notice of the qualified immunity defense in the *Defendants' Answer to Plaintiff's Complaint* [Dkt. 33 p. 6]. Qualified immunity was also asserted by the Individual Defendants in the  first and second summary judgment motions. [Dkt. 37 pp. 16-19; Dkt. 88 pp. 15-19]. However, the Court's initial decision that Plaintiff was a confidential employee who had no First Amendment rights [Dkt. 67] and its subsequent determination that the Pickering balancing test tipped in the Defendants' favor [Dkt. 91] made it unnecessary for the Court to reach and decide the qualified immunity issue.  Qualified immunity was also not addressed in either of the Ninth Circuit's opinions.  Accordingly, that issue should be decided now and, more importantly, it should be decided before any trial.  See Hunter v. Bryant, 502 U.S. 224 (1991).

Very recently, in C.F. v. Capistrano Unified School Dist., ___ F.3d ___, 2011 W.L. 3634159 *7 (9th Cir. Aug., 19, 2011 - For Publication), the Ninth Circuit recognized that it was entirely appropriate for the district court in a First Amendment case to modify its scheduling order, despite the passage of a significant period of time, in order to allow an individual defendant to assert, and to allow the district court to address, a qualified immunity defense. Id. at *7-*8.  Not only did the Ninth Circuit note that doing so resulted in no significant case management issue because "the qualified immunity determination is a question of law...based on the factual record already developed," id. at *7 (citation omitted), but, it also noted that failure to make the necessary scheduling modification in order to permit the presentation and consideration of the qualified

immunity defense would have resulted in tremendous prejudice to the defendant caused by the loss of the defense and the exposure to substantial financial liability for years of accumulated attorney's fees. Id. at *8. The Ninth Circuit further noted that any prejudice, if any, to the plaintiff was minimal given that qualified immunity was asserted at the inception of the case. Id.

In this case, as noted above, qualified immunity was asserted early and it was asserted often. In that respect, it is not, as the Plaintiff will likely suggest, a last-minute assertion timed to delay this case. Rather, it is a defense this Court did not need to reach given its two prior decisions in the Defendants' favor. Since the essence of qualified immunity, at least for purposes of this case, is whether the constitutional right asserted by the Plaintiff was clearly established at the time of its purported violation, that issue is one purely of law solely for the Court. See Saucier v. Katz, 533 U.S. 194, 201 (2001). It is also an issue the Supreme Court recognizes should be resolved *before* any trial, Hunter, 502 U.S. at 227, because immunity is effectively lost if a case is erroneously permitted to go to trial. Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Mitchell Forsyth, 472 U.S. 511, 526 (1985)). Thus, to not decide the qualified immunity issue before trial in this matter potentially would result in substantial prejudice to the Individual Defendants. Not only would they lose the defense through no fault of their own, but, since this is a First Amendment case, absent the possible shield of qualified immunity, in addition to whatever damages are claimed by the Plaintiff the Individual Defendants could incur personal liability for attorney's fees and costs that have accumulated over several years of litigation. Finally, because the issue of qualified immunity can be decided on the record as it now exists, as noted below, it can be presented to the Court for a decision within a very brief period of time.

In short, because it has been raised but never decided, because to not consider qualified immunity would potentially result in tremendous prejudice to the Individual Defendants and because qualified immunity presents a question of law on an already determined record the Court should allow for the pre-trial resolution of the question of whether the Individual Defendants are entitled to qualified immunity. The Individual Defendants are prepared to present that question to the Court

in a partial summary judgment motion on an expedited briefing schedule. In that regard, Defendants propose the following on remand:

(i)    The Individual Defendants' motion for partial summary judgment on the issue of qualified immunity shall be filed and served ten (10) days after entry of an order granting this request; Plaintiff shall file and serve any opposition fourteen (14) days after service of the Individual Defendants' motion; and Defendants' shall file and serve any reply seven (7) days after service of Plaintiff's opposition. See Local Rules 7-2; 56.

(ii)    A joint pretrial order shall be filed thirty (30) days after the disposition of the Individual Defendants' qualified immunity motion. See Local Rules 16-3(a), (c).

(iii)    Motions *in limine* shall be due thirty (30) days prior to trial, oppositions filed and served and the motion submitted for decision fifteen (15) days thereafter, with replies allowed only by leave of court. See Local Rule 16-3(b).

Discovery is closed. No additional discovery is anticipated.

## IV. CONCLUSION

The efficient and just resolution of this action would be advanced by a case management conference to address the issues above and/or a scheduling order that includes the referenced dates. Defendants, therefore, respectfully request this Court set an expedited case management hearing at its earliest convenience. Alternatively, if the Court determines no case management conference is necessary, Defendants respectfully request that the Court enter a scheduling order consistent with the dates set forth hereinabove.

Dated: October 4, 2011.          MAUPIN, COX & LeGOY

By:  */s/ Kim G. Rowe*
      Kim G. Rowe, Esq.
      Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of MAUPIN, COX & LeGOY, Attorneys at Law, and in such capacity and on the date indicated below, the following counsel were served with a copy of the Defendants' Application for Expedited Case Management Conference Following Remand as part of the e-filing process:

Jeffrey S. Blanck, Esq.
485 West Fifth Street
Reno NV 89503

Dated this 4th day of October, 2011.

_/s/ Karen Bernhardt_____
EMPLOYEE