UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KATHLEEN NICHOLS,                    )
                                     )
            Plaintiff,               )          3:04-CV-0559-LRH-LRL
                                     )
    v.                               )
                                     )          ORDER
JAMES L. HAGER; et al.,              )
                                     )
            Defendants.              )
_____)

Before the court is Defendants' renewed motion for summary judgment filed on January 18, 2012. Doc. #106[1]. Plaintiff Kathleen Nichols ("Nichols") filed her response on February 14, 2012. Doc. #107. Thereafter, Defendants filed their reply on February 24, 2012. Doc. #108.

I.    **Facts and Procedural History**

Plaintiff Kathleen Nichols was an employee with the Washoe County School District ("District") as an administrative assistant to the District's General Counsel, Jeffrey Blanck ("Blanck"). In her position, Nichols was privy to sensitive and confidential information about employees and legal disputes with the District.

In 2003, Blanck began having problems with district superintendent, defendant James Hager ("Hager").  On January 16, 2004, Blanck was removed as General Counsel and Nichols was transferred

_____

[1] Refers to the court's docket entry number.

to work as a tech in the human resources department. On March 22, 2004, defendant Laura Dancer ("Dancer"), assistant superintendent for human resources for the District, told Nichols that her transfer was only temporary and that she would be returned to her position as an administrative assistant to the legal division by the end of that week.

On March 23, 2004, Nichols attended a public District Board Meeting and sat in the audience next to Blanck. During the meeting, the District Board terminated Blanck's employment with the county. The next day, Nichols was called to a meeting by Dancer and informed that she would no longer return to her position as administrative assistant in the legal division and would be permanently assigned to human resources on account of her continued association with Blanck, who had recently initiated a legal action against the District.

Subsequently, Nichols sued Dancer, Hager, and the District for First Amendment retaliation alleging that she was punished for attending a public meeting. Doc. #2. In response, Defendants filed an initial motion for summary judgment on the First Amendment retaliation claim. Doc. #37. This Court granted the motion, holding that Nichols was a confidential employee not entitled to recover for First Amendment retaliation under the patronage dismissal doctrine. Doc. #67.

Nichols appealed (Doc. #73) and the Ninth Circuit reversed the court's order, holding that the district court's application of the patronage dismissal doctrine was in error. Doc. #80. Specifically, the Ninth Circuit found that this was a case of personal, rather than political, loyalty and so the patronage dismissal doctrine did not apply. Accordingly, the circuit remanded the matter so this court could consider Nichols' retaliation claim under a traditional First Amendment government employee analysis.

Thereafter, Defendants filed a renewed motion for summary judgment, arguing that the balancing test outlined in *Pickering v. Board of Education*, 391 U.S. 563 (1963), tipped in their favor and, thus, the District's concerns of Nichols' association with Blanck outweighed her right of association. This Court agreed and found that although Nichols' speech was protected under the First Amendment because it addressed a legitimate matter of public concern, her claim failed because the District's legitimate interest in

2

1   maintaining the integrity of, and avoiding disruption in, the legal division outweighed her right to associate

2   with Blanck. Doc. # 91.

3       Nichols filed a second appeal (Doc. # 94) and, in an amended opinion entered on September 15,

4   2011, the Ninth Circuit again reversed summary judgment, holding that mere speculation that Nichols'

5   conduct would cause a disruption was insufficient justification for Defendants' retaliation against her. Doc.

6   #99. The Ninth Circuit found no evidence to suggest that Nichols' association with Blanck actually

7   disrupted the District's operations, interfered with her job performance, or negatively affected her

8   relationship with Dancer, the legal division, or coworkers.

9       Thereafter, on January 18, 2012, Defendants filed the present motion for summary judgment on

10  the issue of qualified immunity. Doc. #106.

11  **II.    Legal Standard**

12      Summary judgment is appropriate only when "the pleadings, depositions, answers to

13  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

14  issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.

15  Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that

16  can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the

17  motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of*

18  *Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

19      The moving party bears the burden of informing the court of the basis for its motion, along with

20  evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

21  317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party

22  must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other

23  than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also*

24  *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

25  ///

26                                              3

1    To successfully rebut a motion for summary judgment, the non-moving party must point to facts

2    supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch.*

3    *Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of

4    the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where

5    reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v.*

6    *Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine

7    "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty*

8    *Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position

9    will be insufficient to establish a genuine dispute; there must be evidence on which the jury could

10   reasonably find for the plaintiff. *See id.* at 252.

11   **III.    Discussion**

12   Defendants make three arguments to support their motion for summary judgment. *See* Doc. #106.

13   First, Defendants argue that Nichols has failed to proffer evidence that District superintendent Hager

14   participated in Dancer's decision to permanently assign Nichols to human resources.

15   Second, Defendants argue that any adverse employment action taken against Nichols is protected

16   by qualified immunity. Defendants claim that Nichols did not have a clearly expressed and particularized

17   right to exhibit signs of personal loyalty towards Blanck, who was in a legal dispute with the District, and

18   still maintain her employment in the legal division.

19   Finally, Defendants argue that there is no municipal liability against the District because Nichols

20   has failed to proffer evidence that Dancer was a final policymaker for the District. The court shall address

21   each argument in turn.

22   **1. Defendant Hager**

23   Reading the evidence in the light most favorable to Nichols, a reasonable trier of fact could find

24   that Hager, as Dancer's supervisor, had a role in Dancer's decision to permanently transfer Nichols to

25   human resources. Although Hager and Dancer testified in their depositions that Hager took no part in any

26                                                              4

employment decisions regarding Nichols[2], Nichols testified that Dancer stated that "we both doubt your loyalty," implying that Hager and Dancer had come to a mutual understanding about Nichols' transfer. Doc. # 107, Exh. 3 at 126. Further, Nichols testified that Dancer took direction from Hager regarding all employment matters, including those concerning Blanck. Doc. # 107, Exh. 7, ¶ 3-4. Thus, a reasonable inference exists that because Dancer took direction from Hager regarding Blank's employment, she would also take direction from Hager regarding Nichols' employment.

Accordingly, the court finds that there is a genuine issue of fact over whether Hager participated in the adverse employment action, precluding summary judgment. Therefore, the court shall deny the motion as to this issue.

**2. Qualified Immunity**

Public officials performing discretionary functions are shielded from liability in § 1983 actions for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Huskey v. City of San Jose*, 204 F.3d 893, 898-899 (9th Cir. 2000).

In reversing this court's grant of summary judgment under *Pickering* balancing, the Ninth Circuit found that, viewing the record in the light most favorable to Nichols, the District sanctioned her for simply showing up at a public meeting and sitting next to Blanck. Doc. #100. Nichols has thus shown sufficient evidence that her constitutional right to attend a public meeting was violated. Accordingly, the inquiry shifts to whether, taken in the light most favorable to Nichols, the facts would establish that her constitutional right was clearly established at the time of its violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In their motion, Defendants argue that because a particularized right of personal loyalty had not been established at the time Nichols was censured, Defendants are entitled to qualified immunity for their actions. *See* Doc. #106. The court finds that Defendants' argument does not go to the relevant right at

[2]Doc #106, Exh. 4 at 23; Doc. #106, Exh. 3 at 31.

issue. Rather, as inferred by the Ninth Circuit, the pertinent right is that of an employee to associate with a fellow employee at a public meeting. It is undisputed that such a right was clearly established at the time of these events. Nevada law specifically states that meetings are to be open and public. *See* NRS 241.020. Additionally, District Policy 1120 states that meetings of the Board of Trustees of the District shall be open and public. Thus, viewing the evidence in the light most favorable to Nichols, the court finds that Defendants violated her clearly established right to attend the public District Board meeting. Accordingly, the court shall deny Defendants' motion for summary judgment for qualified immunity.

In denying Defendants' motion, the court notes that at trial, Defendants may provide sufficient evidence that they censured Nichols because they doubted her loyalty to the District after her continued association with Blanck, a former employee in the District's legal division. Evidence of this sort may well support a finding of qualified immunity as the court finds that a right to personal loyalty had not been clearly established at the time of Nichols censure. However, for purposes of this motion the court must consider that Nichols was not actually censured over a question of personal loyalty, but was instead punished because she chose to attend a meeting and sit next to her former boss. Assuming, as the court must on summary judgment, Defendants were motivated by their disapproval of Nichols' association with Blanck instead of by their concern that her loyalty to Blanck would compromise her work, then Defendants violated her clearly established constitutional right. *See Nunez v. Davis*, 169 F.3d 1222, 1229 (9th Cir. 1999) ("A public employer cannot claim disruption of a close personal relationship to cover up animus toward an employee's speech and a desire to silence the employee.").

### 3. Municipal Liability

A school district may be liable for the tortious actions of its employees under *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 690 (1978), if: (1) a district employee was acting pursuant to an expressly adopted policy; (2) a district employee was acting pursuant to a longstanding practice or custom; or (3) a district employee was acting as a final policymaker. *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2004), 540 U.S. 1141 (2004). For purposes of this motion, the parties and the court are

6

1   only concerned with the last theory – whether a district employee was acting as a final policymaker.

2   Nevada law designates the Board of Trustees of a school district as the body responsible for

3   setting all district-wide policies. *See* NRS 386.350. Defendants concede that the Board has the authority

4   to delegate its statutory grant of authority, but there must be an express delegation of authority in order for

5   it to vest in an individual. *See Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). In their motion,

6   Defendants assert that no evidence has been presented which suggests that there was any delegation of

7   authority to assistant superintendent Dancer in March of 2004.

8   In opposition, Nichols argues that as assistant superintendent for human resources for the district,

9   Dancer had been delegated authority over employment matters. Nichols cites Board Policy BOT-P008

10  (Doc. #107, Exh. 6), which confers final policymaking status on the Superintendent or his designees

11  where there has been a delegation of authority. Although this policy was not adopted until 2008, its

12  adoption seems no more than the codification of the District's custom to delegate final policymaking

13  authority to the Superintendent and the assistant superintendent for human resources over employment

14  matters. Further, the evidence before the court establishes that at no time did the Board dispute Dancer's

15  decision to censure Nichols, effectively ratifying her conduct. Thus, the court finds that there is a disputed

16  issue of fact as to whether Dancer had final policymaking authority concerning Nichols' employment.

17  Accordingly, the court shall deny summary judgment on the issue of municipal liability.

18  **IV. Conclusion**

19  IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. #106) is

20  DENIED.

21  IT IS FURTHER ORDERED that the parties shall have thirty (30) days from entry of this order

22  to submit a proposed joint pretrial order.

23  ///

24  ///

25  ///

26

1

IT IS FURTHER ORDERED that Defendants' motion for a case management conference (Doc.

2

# 102) is DENIED as moot.

3

IT IS SO ORDERED.

4

5

DATED this 1st day of August, 2012.

6

7

_____

8

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26